UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENT J. JOHNS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:17-cv-1516-AGF |
| v. ) | |
| ) | |
| CITY OF FLORISSANT POLICE ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* plaintiff Brent J. Johns, an inmate at the St. Louis County Justice Center, for leave to proceed *in forma pauperis*. (Docket No. 2). Having reviewed the financial information plaintiff submitted in support, the Court determines that he is unable to pay the full amount of the filing fee. The motion will therefore be granted. In addition, plaintiff will be given the opportunity to submit an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds

$10.00, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and an inmate account statement showing an average monthly balance of $67.35, and an average monthly deposit of $53.45. The Court will therefore assess an initial partial filing fee of $13.47, twenty percent of plaintiff's average monthly balance.

**The Complaint**

Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated when he was tased and beaten in March of 2017, and then denied medical care. Named as defendant is the City of Florissant Police Department. After filing the instant complaint, plaintiff filed four additional complaints pursuant to § 1983 that also alleged his civil rights were violated when he was denied medical care after being tased and beaten in March of 2017. Because plaintiff's allegations in each complaint stemmed from essentially the same transaction or series of transactions, the cases were consolidated.

Plaintiff will be given the opportunity to file an amended complaint to set forth all of his claims against each defendant he wishes to sue. Plaintiff is advised that claims against the City of Florissant Police Department are legally frivolous, *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (departments or subdivisions of local government are "not juridical entities suable as such"), and he is also advised that he is required to set forth specific facts showing that each named defendant is personally responsible for violating his rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights). Plaintiff is also advised that he may not amend his complaint by filing supplemental documents. Instead, he is

required to file an amended complaint that includes all claims he wishes to bring.

Plaintiff is advised that he must submit the amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue the defendant in his or her individual capacity, official capacity, or both.[1]

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting his claim or claims against that defendant, as well as the constitutional right or rights that defendant violated. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations specific to that particular defendant and the right(s) that defendant violated. **Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case**.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $13.47. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 1st day of September, 2017.

_/s/ Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE