UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENT J. JOHNS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:17-cv-1516-AGF |
| CITY OF FLORISSANT POLICE DEPARTMENT, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the amended complaint. (Docket No. 17). The amended complaint fails to comply with the Federal Rules of Civil Procedure and with this Court's September 1, 2017 Memorandum and Order. In addition, plaintiff indicates an intent to incorporate by reference claims and defendants from earlier pleadings. Plaintiff will be given the opportunity to file a second amended complaint that conforms to the Federal Rules of Civil Procedure, and that sets forth his claims in one single pleading.

## Background

On May 15, 2017, plaintiff filed a complaint in this Court pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated when he was tased and beaten in March of 2017 and then denied medical care. He named the Florissant Police Department as defendant. Thereafter, plaintiff filed four additional complaints against various other defendants in which he also alleged that his civil rights were violated when he was tased and beaten in March of 2017 and denied medical care. Because plaintiff's allegations in each complaint stemmed from essentially the same transaction or series of transactions, the cases were consolidated. In a Memorandum and Order dated September 1, 2017, this Court instructed plaintiff to file an amended complaint to set forth all of his claims against each defendant he wished to sue. The Court noted that

plaintiff's claims against the Florissant Police Department were legally frivolous, and also that plaintiff had failed to set forth specific facts showing that each named defendant was personally responsible for violating his rights. The Court also noted that it was impermissible to amend a pleading by filing supplemental documents. The Court instructed plaintiff to submit an amended complaint on a Court-provided form, and explained that the amended complaint must comply with Rule 8 of the Federal Rules of Civil Procedure. The Court clearly instructed plaintiff that he was required to allege specific facts showing how each named defendant was personally responsible for violating his rights. In response, plaintiff has filed multiple motions seeking various forms of relief, and two amended complaints. The Court now reviews plaintiff's most recently-filed amended complaint.

At the top of the amended complaint, plaintiff wrote "Amended Final." (Docket No. 17). Plaintiff did not prepare the amended complaint on a court-provided form. It is written in the form of a long narrative, and it contains a significant amount of legalese, conclusory statements, and unnecessary information. For example, plaintiff writes:

> On the night of March 1, 2017 in the City of and Municipality of Florissant, County of St. Louis, State of Missouri, I being a citizen of the United States and Great State of Missouri, had my civil and constitutional rights knowingly and unlawfully deprived and violated by law enforcement officers all fully clothed in Florissant Police uniforms, driving fully marked Florissant Police Cars and acting under color of law.
>
> When Florissant Police Officers Brian Panus (DSN 672) and Steven Beekman (DSN 596) did knowingly and also unlawfully without valid reason to think a crime was being committed or knowledge that a crime had been committed or was about to be committed and without explanation nor reason when I was seized in public in violation of Terry v. Ohio (1968); Union Pac. R. Co. v. Botsford, 141 U.S. 250, 251 (1891) also by doing so they knowingly violated my 4th, 14th amendment rights to be free of unreasonable searches, seizures 5th to due process.
>
> These same officers, along with ofc. Joshua Smith DSN 603 also fully clothed in uniform, driving fully marked police car #7 and acting under color of state law

> acted with malicious and sadistic intent with reckless disregard of my life and of the lives of civilians in the immediate area knowing that such disregard would ultimately create an extreme risk of danger to my life and the lives of other officers and civilians by ignoring a direct order given by a superior officer (Sgt. Anthony Mocca DSN 584) to "Terminate and stop following the vehicle!" (see; Florissant Police, incident report #17-001391, Narratives page #2, line 31) ultimately causing serious bodily injury.
>
> Officers continued to ignore the order given further by calling out over the radio my location. By Sgt. Anthony Mocca not repeating the previous command he showed that he agreed or approved by allowing the officers to create further danger in a residential area (given my location) Sgt. Anthony Mocca DSN 584 previous decision to "terminate and stop following" and then chose to allow the officers in the same residential area to create danger shows that acquiescence occurred (due to the previous order given) and was alerted and understood then and now disregarded that same danger to my life and to the civilians in the immediate area as well as to the lives of his own officers safety an acquiescence occurred through silent acceptance of the officers continued pursuit and knowledge of their insubordinate acts that were verbal over the radio to dispatch and to Sgt. Anthony Mocca and his silent acceptance of the officers continued pursuit and knowledge of their insubordinate acts that were verbal over the radio to dispatch and to Sgt. Anthony Mocca and his silent acceptance of that fact proves this supervisor (Sgt. Mocca) is also directly liable for his subordinates (Panus, Beekman and Smiths) actions that follow . . . further violates 14 and 4th, 5th, 6th, 8th, 14th.

*(Id.* at 1-3).

Elsewhere in the amended complaint, plaintiff lists the names of several defendants and then states, in conclusory fashion, that his rights were violated. He also alleges that "they" and "the officers" committed various forms of wrongdoing.

Plaintiff specifically names thirteen defendants: four police officers, the mayor of Florissant, Missouri, one alderwoman, and seven aldermen. At the end of the amended complaint, plaintiff appears to attempt to name fourteen other defendants, including the Chief of Police, a lieutenant, a sergeant, two detectives, two additional officers not named elsewhere, and seven "unknown officers" whom plaintiff identifies via department serial number. (*Id.* at 17).

Plaintiff writes that he is "requesting this amended claim to be combined with all

previously named defendants" and "to also include all named and unnamed defendants under this cause number to be joined with this claim all officers named in this claim and alderwomen, aldermen, mayor already named as well." (*Id.* at 14). Finally, the amended complaint includes a copy of a Florissant Police Department record on which plaintiff has made numerous notations. Plaintiff does not state what relief he seeks.

## Discussion

The Federal Rules of Civil Procedure provide, in relevant part, that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and a "demand for the relief sought." Fed. R. Civ. P. 8(a). They also provide that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). As described above, plaintiff has set forth his claims in the form of a long narrative instead of a short and plain statement, and his allegations are not simple, concise and direct. As such, it is impossible for the Court to decipher exactly what plaintiff's claims are. Even if the Court were to direct service of process to be issued, the amended complaint would fail to give the defendants sufficient notice of the claims asserted against them. In addition, plaintiff lists groups of defendants and states in conclusory terms that his rights were violated, and he often identifies wrongdoers as "they" and "the officers." As the Court previously advised, plaintiff is required to allege specific facts showing what each named defendant did to violate his rights. Finally, plaintiff attempts to amend his complaint by referring to other documents, which is impermissible. The Court recognizes that plaintiff is representing himself in these proceedings, but even pro se plaintiffs are expected to follow court orders and the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996) (generally, "pro se representation does not excuse a party from complying with a court's orders and with the Federal

Rules of Civil Procedure.")

Because plaintiff is proceeding pro se, the Court will give him an opportunity to file a second amended complaint. In so doing, plaintiff should select the transaction or occurrence, or series of transactions or occurrences, that he wishes to pursue, and limit the factual allegations to only the defendant(s) who were actually involved.[1] For example, the claims plaintiff asserted in his original four complaints, that he was tased and beaten in March of 2017 and then denied medical care, stem from essentially the same transaction or occurrence or series of transactions or occurrences. In the alternative, plaintiff may name one single defendant and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a)(2).

Plaintiff must prepare the second amended complaint using a Court-provided form, and he must specify whether he intends to sue each defendant in an official capacity, individual capacity, or both.[2] In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that defendant. If plaintiff is suing more than one defendant, he should do the same thing

---

[1] Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Therefore, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences. "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*

[2] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

for each one, separately writing each defendant's name and, under that name, a short and plain statement of the factual allegations supporting his claim against that defendant. Plaintiff is reminded that each of his allegations must be simple, concise, and direct. He is also reminded that he may not amend his complaint by referring to, or trying to incorporate, other documents.

Plaintiff must file a second amended complaint within twenty-one (21) days of the date of this Memorandum and Order. The filing of the second amended complaint will completely replace the amended complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall submit a second amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**If plaintiff fails to comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 14th day of February, 2018.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE